IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

**FILED**
APR 16 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

ANTHONY HALL,     *

        Plaintiff,     *

v.     *

BALTIMORE POLICE DEPT., *et al.*,     *

        Defendants.     *

CASE NO. 5:25MC 15
JUDGE POLSTER

\* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' UNOPPOSED MOTION TO SHOW CAUSE WHY NONPARTY WITNESS GERALD PATTERSON SHOULD NOT BE FOUND IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH SUBPOENA FOR DEPOSITION

Now comes Donald Licato, Frank Barlow, and the Estate of John Barrick (Individual Defendants"), by and through their undersigned counsel, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, hereby respectfully move this Court for an order to show cause why nonparty witness Gerald Patterson ("Mr. Patterson") should not be found in contempt of Court for failing to comply with the deposition subpoena issued to him. In support of their unopposed motion, Defendants state as follows:

1. Anthony Hall filed a civil rights action pursuant to 42 U.S.C. § 1983 against the Baltimore Police Department ("BPD") and former BPD members Donald Licato and Frank Barlow and the Estate of John Barrick ("Individual Defendants") alleging misconduct in connection with his 1992 second-degree murder conviction.

2. Mr. Patterson is an essential witness in this case. Mr. Patterson spoke with BPD officers approximately six times during the investigation into Dorsey's murder, giving several statements to investigators. He also testified before the Grand Jury and in the criminal trial of Plaintiff. Mr. Patterson recanted this testimony to Plaintiff's investigators in 2010 and 2022 before

speaking with the Baltimore City State's Attorney's Office in 2022 and testifying at Plaintiff's Writ of Actual Innocence hearing in Baltimore City Circuit Court in 2023. Given Mr. Patterson's role in this matter, both parties wish to depose him.

3.     In or around 2014, Mr. Patterson moved from Baltimore, Maryland to Akron, Ohio and presently resides in Akron.

4.     On November 29, 2024, one of the attorneys for Individual Defendants and a process server went to Mr. Patterson's home in Akron and served on him a subpoena for deposition, scheduled to take place at the John F. Seiberling Federal Building and United States Courthouse in Akron, Ohio on January 22, 2025. *See* Ex. 1a, Ex. 1b.

5.     On January 2, 2025, counsel for Individual Defendants mailed to Mr. Patterson a letter confirming the location of the deposition and providing him with the assigned room number in the federal courthouse, along with a post-dated check representing his attendance fee and travel allowance, as required by 28 U.S. Code §1821. On January 7, 2025, Mr. Patterson cashed the post-dated check. *See* Ex. 2, Ex. 3 (redacted).

6.     Due to motions pending before the United States District Court for the District of Maryland in January 2025, counsel for Individual Defendants sought to delay Mr. Patterson's deposition. On January 21, 2025, counsel for Individual Defendants communicated this change to Mr. Patterson via a voicemail message.

7.     Counsel for Individual Defendants worked with Plaintiff's counsel, Barry Pollack, to reschedule Mr. Patterson's deposition in Akron to a mutually agreeable date. Counsel agreed to hold the deposition at a private law firm in Akron on February 18, 2025. This law firm is located approximately 15 miles from Mr. Patterson's home.

1

8. On January 30, 2025, Mr. Pollack informed counsel for Individual Defendants that he had spoken with Mr. Patterson, and Mr. Patterson authorized Mr. Pollack to accept service of the deposition subpoena on his behalf.

9. The next day, on January 31, 2025, counsel for Individual Defendants sent Mr. Pollack a copy of Mr. Patterson's subpoena for the February 18, 2025, deposition in Akron, Ohio. *See* Ex. 4.

10. On February 18, 2025, counsel for Individual Defendants, counsel for Plaintiff, and a court reporter appeared at the designated time and location for Mr. Patterson's deposition. Mr. Patterson failed to appear. As detailed fully in the transcript of this proceeding, Plaintiff's counsel had spoken with Mr. Patterson via telephone on February 17, 2025, and he confirmed he would be present. *See* Ex. 5. Plaintiff's counsel also spoke with Mr. Patterson via telephone on the morning of the deposition, and he indicated he was driving to the law firm in order to attend the deposition. *Id.* After Mr. Patterson failed to appear, counsel for Plaintiff and Individual Defendants continued to call Mr. Patterson, but all of those calls went unanswered by Mr. Patterson. *Id.*

11. On February 25, 2025, counsel for Individual Defendants called Mr. Patterson to attempt to understand why he failed to appear and to reschedule the deposition at a time and place convenient for Mr. Patterson. During this telephone call, Mr. Patterson offered to counsel he would be in Baltimore, Maryland on March 17, 2025, and he would prefer to appear for deposition in Baltimore rather than in Ohio. Mr. Patterson said he would come to the law offices of counsel for Individual Defendants for deposition on March 17, 2025 at 9 am. On February 27, 2025, after confirming the date with Plaintiff's counsel and scheduling a court reporter, counsel for Individual Defendants again spoke with Mr. Patterson via telephone, and Mr. Patterson once again confirmed he would be present for the deposition.

2

12. On March 17, 2025, counsel for Individual Defendants, counsel for Plaintiff, and a court reporter appeared at the designated time and location for Mr. Patterson's deposition. Mr. Patterson, however, failed to appear. Counsel for Individual Defendants called Mr. Patterson after the start time of the deposition and, just as Mr. Patterson had done on February 18, 2025, he said he was driving and on his way. He added that he would arrive to the deposition within 30 minutes. Once again, after Mr. Patterson failed to appear, counsel for Individual Defendants called Mr. Patterson several times, but all of those calls went unanswered by Mr. Patterson.

13. On March 21, 2025, Individual Defendants filed an Unopposed Motion to Show Cause Why Nonparty Witness Gerald Patterson Should Not Be Found In Contempt of Court for Failure to Comply with Subpoena for Deposition. *See* case no. 1:24-CV-01137-RDB, ECF 99. That motion was substantively similar to this instant motion.

14. On March 26, 2025, the Honorable Richard D. Bennett of the United States District Court for the District of Maryland granted Individual Defendant's Unopposed Motion. *See* case no. 1:24-CV-01137-RDB, ECF 103 (Ex. 6). Judge Bennett ordered that, "Gerald Patterson shall appear before the United States District Court for the Northern District of Ohio on the date and at the time so ordered by that Court, to show cause as to why he should not be found in contempt for refusing or failing to appear for deposition as shown in Defendants' Motion to Show Cause, provided a copy of Defendants' Motion to Show Cause and this Order is served on Gerald Patterson on or before the 3rd day April, 2025." *Id*.

15. On March 26, 2025, Individual Defendants sent Mr. Patterson a copy of Defendants' Motion to Show Cause (ECF 99) and Judge Bennett's Order (ECF 103) via USPS Priority Mail Express 1-Day delivery, along with a letter. *See* Ex. 7.

16. On March 27, 2025, counsel for Individual Defendants also sent to Mr. Patterson a copy of the Motion, Order, and letter via text message on the phone number where they had previously communicated with Mr. Patterson. That same day, at 12:37 p.m., Mr. Patterson replied, "Okay." *See* Ex. 8.

17. On March 28, 2025, at 1:47 p.m., a copy of the Motion, Order, and counsel's letter was delivered to Mr. Patterson. *See* Ex. 9. The postal receipt indicates Mr. Patterson signed for the package. *Id.*

18. On March 28, 2025, at 2:04 p.m., Mr. Patterson left a 17 second voicemail message for counsel for Individual Defendants. In the voicemail, he states, "Hello, this is Gerald Patterson. I don't appreciate y'all sending us mail with like a subpoena, like I made a [unintelligible] or whatever, but I did what I had to do, so now y'all are forcing me to do what I needed to do. Bye."

19. Under Fed. R. Civ. P. 45(a)(2), a deposition subpoena "must issue from the court where the action is pending." Because Plaintiff's action is pending in the United States District Court for the District of Maryland, Individual Defendants issued Mr. Patterson's deposition subpoena in that district. *See* Ex. 1, Ex. 3. Given that Mr. Patterson resides in Akron, however, Individual Defendants request this Court issue an order requiring Mr. Patterson to appear before the United States District Court for the Northern District of Ohio at a date and at the time so ordered by this Court to show cause as to why he should not be found in contempt for refusing or failing to appear for deposition. The parties agree that Mr. Patterson may purge himself from any contempt finding should he appear for deposition in this matter at the time and place directed by either this Court or by the United States District Court for the Northern District of Ohio.

20. Under Fed. R. Civ. P. 45(g), "The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

21. Accordingly, Defendants seek an order from this Court that Mr. Patterson show cause why he should not be held in Contempt of Court for failing to appear for his deposition.

22. Counsel for Plaintiff, Mr. Pollack, has indicated Plaintiff is unopposed to this request.

WHEREFORE, Defendants request this Court enter an order requiring Gerald Patterson to show cause as to why he should not be found in contempt for refusing or failing to appear for his deposition, and for any such relief this Court may deem just and proper.

DATED: April 11, 2025

Respectfully submitted,

*Jami L. Galbraith*
Jami L. Galbraith, MD2211280175
Nathan & Kamionski LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201
410-630-4493
jgalbraith@nklawllp.com

*One of the Attorneys for the*
*Individual Defendants*

5

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on April 11, 2025, I mailed the foregoing document via U.S. Mail, first class, postage prepaid to:

Gerald Patterson
700 Morgan Avenue
Akron, Ohio 44306

I further certify the foregoing document was sent via e-mail to:

Barry Pollack
Harris St. Laurent & Wechsler LLP
1775 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006
bpollack@hs-law.com

*Counsel for Plaintiff Anthony Hall*

Jami L. Galbraith, MD2211280175